UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KEVIN LEE HILL,

    Plaintiff,

    v.                                                      CAUSE NO.: 1:18-CV-331-WCL-PRC

DAVID GLADIEUX,

    Defendant.

OPINION AND ORDER

Kevin Lee Hill, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Hill alleges that, on May 27, 2018, at the Allen County Jail, he was wrongfully disciplined for acting as a lookout for his cellmates as they engaged in a physical altercation in his cell, which resulted in segregation and the loss of work release privileges. Since his release from segregation, Hill has been assigned to

overcrowded cells where is required to sleep on the floor or in a makeshift bed, which is called a boat, with cellmates afflicted with hepatitis C. He is not permitted an opportunity to exercise or to go outside for recreation, and there are flying, biting insects throughout the unit, but mainly in the shower. Additionally, inmates are able to pick the locks on cell doors to fight with other inmates, which causes Hill to lose sleep. He cannot hear when using the telephone due to other inmates, and there are no educational opportunities at the jail. Hill seeks money damages for the wrongful disciplinary measures and injunctive relief to address the jail conditions.

To start, Hill names Sheriff David Gladieux as the sole defendant, alleging that he runs the Allen County Jail. "It is well established that there is no respondeat superior liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Because Hill does not explain how Sheriff Gladieux was personally involved with his claims, Hill cannot proceed on a claim of money damages against him. Nevertheless, Hill may proceed on injunctive relief claims against Sheriff Gladieux in his official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

Hill asserts that the jail conditions violate his rights under the Eighth Amendment. He alleges that the cells are overcrowded, that he cannot sleep in this setting, that his housing unit is infested with flying insects, and that he is not allowed to exercise or to go outside for recreation. In evaluating an Eighth Amendment conditions

of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In some instances, the denial of any opportunity to exercise may also violate the Constitution. *Delaney v. DeTella*, 256 F.3d 679, 686 (7th Cir. 2001). However, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and inmates cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment."). At this stage of the proceedings, Hill states a plausible injunctive relief claim with respect to the jail conditions at the Allen County Jail.

Notably, "[t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Therefore, injunctive relief, if granted, will be limited to ordering the

3

defendants to remedy the jail conditions to the extent required by the Eighth Amendment.

For these reasons, the court:

(1) GRANTS Kevin Lee Hill leave to proceed on an injunctive relief claim against David Gladieux in his official capacity to remedy the conditions at the Allen County Jail to the extent required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on David Gladieux at the Allen County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), David Gladieux to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Kevin Lee Hill has been granted leave to proceed in this screening order.

SO ORDERED on January 29, 2019.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT